# Affidavit in Support of an Application for Search Warrant
(US District Court for the District of Columbia)

**To operate and recover numbers stored in three cell phones and recovered incident to an arrest (CCN # 132-060) in the parking lot of 320 Florida Avenue, N.E., Washington, D.C. on September 27, 2005. The phones are identified as:**

  **(a) White Motorola cellular telephone with "SN" number 324VEE815K**
  **(b) Silver Sprint cellular telephone with ESN 04503982668**
  **(c) Silver Sprint cellular telephone with ESN 05611137942**

1. Your affiant is Investigator Steve Manley, Badge# 266, a member of the Metropolitan Police Department since 1992. I have been assigned as an Investigator since 1998.

2. On September 27, 2005, officers of the Metropolitan Police Department received information from a confidential informant (CI) that an individual named Michael Luna could arrange to sell two kilograms of cocaine to the CI. At the direction of the officers, the CI called Luna and arranged to meet him at the Burger King parking lot located at 320 Florida Avenue, NE, Washington, DC, for the purpose of purchasing the two kilograms of cocaine. Officers then set up surveillance on the parking lot of the Burger King, while the CI entered the parking lot of the Burger King to meet with Luna. The CI was observed by officers meeting with a Hispanic male, later identified as Luna, who had exited a Burgundy colored Ford Expedition. Officers then observed the CI enter into the Expedition and speak to the driver of the Ford Expedition, later identified as Alfredo Medina. A short time later, officers observed a dark colored Dodge Intrepid enter the Burger King parking lot and park next to the Ford Expedition. The CI then exited the Expedition and entered the CI's vehicle, at which time he signaled to the officers that the cocaine had arrived in the Intrepid.

3. Officers entered the parking lot and stopped Luna and Medina inside the Ford Expedition, and two Hispanic Males inside the Dodge Intrepid. A search of the Dodge Intrepid revealed a box containing two wrapped bricks containing a white powdered substance that field tested positive for cocaine. Seized from the driver of the Intrepid, later identified as Adalberto Flores, was a cellular telephone. Officers recovered from inside the Burgundy Expedition two additional cellular telephones. At a post-arrest debriefing, the CI reported to officers that during the purchase, he entered the Ford Expedition and observed Medina use his cellular telephone to make a call, during which Medina was overheard to instruct the person he was speaking with to come to the Burger King parking lot. Shortly thereafter, Flores arrived in the parking lot driving the Dodge Intrepid. In addition, prior to the time of the controlled narcotics purchase and in the presence of officers, the CI made phone calls to Luna to set up the meeting place for the purchase. A review of phone records obtained during this investigation confirm calls were made by the CI to the phone belonging to Michael Luna. Officers also learned during post arrest debriefings that phone calls were made between Medina and Flores during the time when the CI met with Medina inside the Expedition. Luna, Medina, and Flores were arrested and charged with, among other things, violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(B)(ii). This case is now pending in U.S. District Court as Case No. 05-387, and a trial date is scheduled for March 6, 2006.

4. Your affiant requests authorization to activate and operate the aforementioned cellular phones to reveal (1) the phone numbers assigned to these items; (2) the numbers of incoming pages and calls; and (3) any other stored phone numbers, which would permit law enforcement officials to investigate (a) the identity or identities of person(s) who owned the cellular phones; (b) the connection these person(s) have with the contraband recovered from the vehicle in question; and (c) the identities of other friends and associates of these person(s) who may have information related to this event. Your affiant will not access any voice mail message(s) which may have been stored in the aforementioned cellular phones. As a practical matter, your affiant would be unable to do so without possession of a PIN number which would be necessary to access such voice mail messages.

5. In the affiant's experience and training: (1) cellular phones store the phone numbers of incoming and outgoing calls sent to and from the phone; (2) cellular phones store the number of the cellular phone itself; (3) persons who use cellular phones often electronically store (i.e., for purposes of "speed dialing") the phone numbers of friends and acquaintances; and (4) individuals involved in narcotics trafficking are known to use their cellular telephones to make contact with their associates in order to facilitate their narcotics trafficking activities . In my experience and training, all of these stored numbers can be accessed by operating the cell phones. By "operating" the cellular phones and pager, as this term is used in this affidavit, your affiant only refers to the process of turning on the electronic device and searching through its stored memory by pushing the appropriate buttons.

6. Accordingly, your Affiant respectfully submits that there is probable cause to believe that operating the aforementioned cellular phones would produce additional evidence of the ownership of the contraband recovered from the vehicle incident to an arrest (CCN # 132-060) in the parking lot located at 320 Florida Avenue, N.E., Washington, D.C. on September 27, 2005.

_____
Steve Manley, Badge 266
Investigator, Metropolitan Police Department

Signed and Sworn to before me, this \_\_\_\_\_ Day of February, 2006.

_____
United States Magistrate Judge